**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| FATBOY THE ORIGINAL B.V. and FATBOY USA, LLC,<br><br>                               Plaintiffs,<br><br>    v.<br><br>ZURU, LLC and ZURU LTD.,<br><br>                               Defendants. | Civil Action No.   3:16-cv-2752 |

## ORIGINAL COMPLAINT

Plaintiffs Fatboy the Original B.V. ("Fatboy") and Fatboy USA, LLC ("Fatboy USA" and, together with Fatboy, "Plaintiffs"), for their Complaint against Defendants ZURU, LLC and ZURU Ltd. (collectively, "ZURU" or "Defendants"), allege as follows:

## SUBSTANCE OF THE ACTION

1. Fatboy is the owner of all rights worldwide in the wildly popular LAMZAC THE ORIGINAL inflatable lounger (the "LAMZAC Lounger"), the design of which is covered by U.S. Patent No. D764,823 (the "LAMZAC Lounger Patent"), and Fatboy USA has an exclusive license from Fatboy to distribute and promote the LAMZAC Lounger in the United States. The claim asserted herein arises out of and is based on Defendants' brazen and willful infringement of the LAMZAC Lounger Patent. Accordingly, Plaintiffs bring a claim for design patent infringement under Section 271 of the U.S. Patent Act, 35 U.S.C. § 271.

2. Plaintiffs seek injunctive relief to stop Defendants' unlawful distribution and sale of their infringing product. Plaintiffs also seek monetary relief in an amount sufficient to compensate for their loss, an accounting and award of Defendants' total profits flowing from

their infringing activities; prejudgment interest; costs and attorneys' fees; and all other relief the Court deems just and proper.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under Sections 1331, 1332, and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338(a) & (b).

4.     This Court has personal jurisdiction over Defendants pursuant to Texas Civil Practice and Remedies Code § 17.042 because, upon information and belief, (i) Defendants regularly do and solicit business within the State of Texas; (ii) Defendants have engaged in the marketing, promotion, advertising and offering for sale of their infringing product within the State of Texas, including via the interactive ecommerce websites at www.zuruairchair.com, in brick-and-mortar Toys "R" Us stores located in Texas, and at the Toy Industry Association's Fall Toy Preview toy fair held at the Dallas Market Center on September 27- 29, 2016; and (iii) Defendants have committed torts in the State of Texas, namely the marketing, promotion, advertising, sale and/or offering for sale of their infringing product in Texas, including through the above-referenced sales channels, in violation of Plaintiffs' rights.

5.     Venue is proper under Section 1391(b) and 1400(b) of the Judicial Code, 28 U.S.C. §§ 1391(b), 1400(b), because a substantial part of the events giving rise to the claims occurred in this district, including Defendants' marketing, promoting, advertising, selling and/or offering for sale its infringing products in this district, including, through the above-referenced channels.

## THE PARTIES

6.     Plaintiff Fatboy the Original B.V. is a limited liability company organized and existing under the laws of the Netherlands, having a place of business at De Steenbok 19 Den Bosch, 5215 MG Netherlands.

7.     Plaintiff Fatboy USA, LLC is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 875 West Sandy Lake Road, #100, Coppell, TX 75019.

8.     Upon information and belief, Defendant ZURU, LLC is a limited liability company organized and existing under the laws of the State of Oregon, having a place of business in Forked River, New Jersey.

9.     Upon information and belief, Defendant ZURU Ltd. is a company organized under the laws of Hong Kong, having places of business in, among other places, Guangzhou, China and Forked River, New Jersey.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**I.     THE LAMZAC LOUNGER**

10.     Mr. Marijn Oomen, a resident of the Netherlands, is the designer of the LAMZAC Lounger, an inflatable lounger that is filled with air by means of "air scooping."  During "air scooping," an opening reinforced with ribs is held open and a scooping movement is made, so the bag fills with air.  The opening is then folded together and the air stays caught in the bag.

11.     Profile views of the LAMZAC Lounger as shown in the LAMZAC Lounger Patent are shown below:





12.     Mr. Oomen has assigned to Fatboy all of his rights in the design of the LAMZAC Lounger, including, without limitation, the LAMZAC Lounger Patent.  A copy of the LAMZAC Lounger Patent is attached hereto as **Exhibit A**.

13.     Fatboy USA has an exclusive license from Fatboy to distribute and promote the LAMZAC Lounger in the United States.

14.     The LAMZAC Lounger Patent claims a priority date of January 28, 2015, based on Fatboy's Registered European Community Design No. 002621904-0001 covering the LAMZAC Lounger design.

15. The LAMZAC Lounger is currently available for sale in the United States on Fatboy USA's website at www.fatboyusa.com and via various retail outlets and online channels.

## II.     DEFENDANTS' INFRINGING ACTIVITIES

16.     On information and belief, Defendants have manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported an inflatable lounger called the "Air Chair" (the "Infringing Product"), with a design that is substantially the same as the LAMZAC Lounger.  An image of the Infringing Product is shown below:



17.   Upon information and belief, Defendants market and sell their Infringing Product online at their website, www.zuruairchair.com and other online channels, through retailers, including Toys "R" Us, and at trade shows such as the Toy Industry Association's Fall Toy Preview toy fair held at the Dallas Market Center on September 27-29, 2016.

18.   Upon information and belief, Defendants engaged and continue to engage in the above activities willfully, with the knowledge that the design of the Infringing Product is substantially same as the design of the LAMZAC Lounger without authorization.

19.   Defendants are not related to or affiliated with Plaintiffs in any way.  Defendants have not received a license or authorization from Plaintiffs for any purpose whatsoever, including for the acts described herein.

20.   Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiffs and their business unless restrained by this Court.

### FIRST CLAIM FOR RELIEF:
### DESIGN PATENT INFRINGEMENT
### IN VIOLATION OF 35 U.S.C. § 271 (Patent No. D764,823)

21.   Plaintiffs repeat and incorporate by reference the foregoing allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22.     The design of the LAMZAC Lounger is covered by U.S. Patent No. D764,823, which issued on August 30, 2016 and is owned by Fatboy.  Fatboy USA has an exclusive license from Fatboy to distribute and promote the LAMZAC Lounger in the United States.

23.     U.S. Patent No. D764,823 is valid and subsisting.

24.      Upon information and belief, Defendants, without authorization from Plaintiffs, have distributed, advertised, promoted, offered for sale and sold the Infringing Product, the design of which is substantially the same as the design set forth in U.S. Design Patent No. D764,823, and embodies the design protected by such patent.

25.     Defendants' Infringing Product appropriates the novel ornamental features set forth in U.S. Patent No. D764,823 such that an ordinary observer familiar with the prior art designs, giving such attention as a purchaser usually gives, would find Plaintiffs' and Defendants' designs to be substantially the same and would be deceived into believing that the Infringing Product is the same as Fatboy's patented design.

26.     By the foregoing acts, Defendants have directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of, and continues to so infringe, U.S. Patent No. D764,823.

27.     Upon information and belief, Defendants' aforesaid conduct has been undertaken knowingly, willfully, and in bad faith, and with knowledge of Plaintiffs' rights.

28.     Defendants' conduct violates Section 271 of the Patent Act, 35 U.S.C. § 271 and has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

29.     Plaintiffs have complied with 35 U.S.C. § 287 to the extent it is applicable to them.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.     Permanently enjoining and restraining Defendants, their agents, servants, employees, successors, and assigns and all those in active concert or participation with them, from:

(a)     infringing or inducing infringement of the LAMZAC Lounger Patent; or

(b)     assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) above.

2.     Directing that Defendants turn over to Plaintiffs for impoundment and eventual destruction, without compensation to Defendants, all materials in their possession or control that violate the provisions of paragraph 1(a) above, along with all articles by means of which such unauthorized copies may be reproduced.

3.     Directing that Defendants, at their own expense, recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate the provisions of paragraph 1(a) above, and that Defendants deliver up to Plaintiffs for destruction all materials returned to them.

4.     Directing that Defendants file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which they have complied with the permanent injunction.

5.     Awarding Plaintiffs all damages sustained as a result of Defendants' infringement described above, together with appropriate interest thereon and that such sums be trebled pursuant to 35 U.S.C. § 284.

6.     Awarding Plaintiffs the total profits realized by Defendants from their infringement described above pursuant to 35 U.S.C. § 289.

7.      Granting Plaintiffs their reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

8.      Granting Plaintiffs both pre-judgment and post-judgment interest on each and every

monetary award.

9.      Granting Plaintiffs such other and further relief as the Court may consider equitable,

just and proper.

JACKSON WALKER, LLP

Dated:  September 28, 2016          By:   /s/ John M. Jackson
                                   John M. Jackson
                                   Texas State Bar No. 24002340
                                   JACKSON WALKER, LLP
                                   2323 Ross Avenue, Suite 600
                                   Dallas, TX  75201
                                   Direct: 214-953-6109
                                   Fax: 214-661-6645
                                   jjackson@jw.com

                                   David Donahue (*pro hac vice* forthcoming)
                                   Jason D. Jones (*pro hac vice* forthcoming)
                                   FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                   866 United Nations Plaza
                                   New York, New York 10017

                                   *Attorneys for Plaintiffs*